983 F.2d 1072
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Dennis MARLOW and Provest, Inc., Plaintiffs-Appellants,
v.
WINSTON & STRAWN and Leslie A. Blau, Defendants-Appellees.
 No. 92-1967.
 United States Court of Appeals, Seventh Circuit.
 Submitted Jan. 6, 1993.*
Decided Jan. 6, 1993.
 
 1
 Before EASTERBROOK and RIPPLE, Circuit Judges, and ROBERT MILLER, Jr., District Judge**.
 
 Order
 
 2
 The district judge dismissed this legal malpractice action because plaintiffs could not satisfy Illinois' "economic injury" doctrine, applied to malpractice actions by Collins v. Reynard, 1991 Ill. LEXIS 104 (Oct. 31, 1991). While this case was on appeal, the Supreme Court of Illinois reconsidered and changed the result of Collins, holding that plaintiffs in legal malpractice actions may obtain damages for economic injuries. 1992 Ill. LEXIS 215 (Dec. 4, 1992). Appellees concede that a remand is appropriate so that the district judge may reconsider her decision in light of the second opinion in Collins.
 
 
 3
 Plaintiffs ask us to direct the district judge, on remand, to permit them to amend their complaint to add an additional legal theory. It is not clear to us what, if anything, depends on the proposed amendment in light of the second Collins opinion and the established rule that complaints need not plead legal theories. E.g., Bartholet v. Reishauer A.G. (Zurich), 953 F.2d 1073 (7th Cir.1992). See also Hrubec v. National Railroad Passenger Corp., No. 91-3833 (7th Cir. Dec. 14, 1992). At all events, the district judge may wish to give this topic renewed attention on remand.
 
 
 4
 Because the new opinion in Collins brings Illinois and Colorado law into agreement, it is unnecessary to discuss which state's law governs. The judgment is vacated, and the case is remanded for further proceedings consistent with Collins and this order.
 
 
 
 *
 The case, originally scheduled for oral arguments on this date, was submitted for decision in light of intervening developments
 
 
 **
 Of the Northern District of Indiana, sitting by designation